UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00057-MR

| | |
|---|---|
| ANTWAIN LAMAR DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU TORREZ, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's motion [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.  BACKGROUND**

Pro se Plaintiff Antwain Lamar Dennis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On May 13, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants FNU Torrez, FNU Cook, FNU Cuban, FNU Hinsley, and FNU Luise, all identified as Correctional Officers at Alexander; and Defendants Whatt White and FNU Goinss, both identified as Sergeants at Alexander; all in their individual and

official capacities. [Doc. 1 at 2-3].

It appears from Plaintiff's disjointed and meandering allegations that he alleges the following. On the morning of June 19, 2021, Plaintiff was attempting to report a PREA violation against Defendant Torrez, which was not taken seriously.[1] "The sergeant" said derogatory things about Plaintiff's mother and grandmother and the "CO's [and] sergeants" called Plaintiff a "n****r" and put "sperm" in Plaintiff's food. Plaintiff "lost it" and tried to kill himself. Plaintiff was placed in a suicide watch cell and put in full restraints for eight hours. [Doc. 1 at 5]. During this time, Plaintiff was denied food. He fell asleep for three hours and was awakened "by these officers, sergeants beating [him] up, punching [his face] 8 times," and punching his chest, stomach, ribs, and legs. [Doc. 1 at 4]. "They" told Plaintiff this is "what they do to people accused off a B1 offence, not to be trying to tell their boss about [Plaintiff's] trays with sperm in it" and to "be a good n****r" and eat the food. [Id. at 5 (errors uncorrected)]. Plaintiff specifically alleges that Defendant Goinss punched him in the face and that Defendants Torrez, Hinsley, Cuban, and Luise were also involved in this assault. [Id. at 5, 7].

---

[1] PREA stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

Then, in October or November 2021, after Plaintiff's mother died, he was assaulted, and he attempted suicide and was sent to an outside hospital. During transport to the outside hospital, Defendant Luise kept shocking Plaintiff with a taser and "beat [Plaintiff] up," even though Plaintiff was not resisting. [Id. at 5]. Plaintiff makes no allegations against Defendant Cook and he will be dismissed as a Defendant in this matter.

Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth, and Fourteenth Amendments, but he does not allege which conduct violated which right(s). Plaintiff also makes claims of "deliberate indifference, bias hate crime, [illegible], my food, sanitation, unnecessary use of force, [and] cruel and unusual punishment." [Id. at 3 (errors corrected)].

Plaintiff claims he suffered mental and physical injuries. [Id. at 5]. For relief, Plaintiff seeks monetary relief and to be transferred to a New Jersey state prison to be closer to his family. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff generally claims that his rights under the First, Eighth, and Fourteenth Amendments were violated by Defendants' conduct. Plaintiff, however, does not allege what conduct he contends violated each right. The

Court, therefore, addresses those claims fairly raised by Plaintiff's allegations.

### A. Official Capacity Claims

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). Plaintiff's official capacity claims, therefore, do not survive initial review and will be dismissed.

### B. First Amendment

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717

Fed. App'x 271, 272 (4th Cir. 2018).

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Plaintiff alleges that, after he attempted to submit a PREA grievance against Defendant Torrez, that Defendants Goinss, Torrez, Hinsley, Cuban, and Luise assaulted him while he was restrained. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment retaliation claim is not clearly frivolous and survives initial review as to Defendants Goinss, Torrez, Hinsley, Cuban, and Luise in their individual capacities.

### C. Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the

"unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997).

To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams, 77 F.3d at 761. In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

"The Supreme Court has held, however, that 'not every malevolent touch by a prison guard gives rise to a federal cause of action.'" Jackson v. Holley, 666 Fed. App'x 242, 244 (4th Cir. 2016) (citing Wilkins v. Gaddy, 559

7

Case 5:22-cv-00057-MR   Document 9   Filed 06/24/22   Page 7 of 14

U.S. 34, 37, 130 S. Ct. 1175 (2010)). "An inmate who complains of a push or a shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38, 130 S. Ct. 1175 (internals quotation marks omitted). Moreover, the law is well-established that taunting comments, slurs, threats, and other verbal harassment by correctional facility staff, without more, are not actionable under § 1983. Wilson v. United States, 332 F.R.D. 505, 520 (S.D. W.Va. Aug. 19, 2019) (collecting cases).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff's Eighth Amendment claims against Defendants Goinss, Torrez, Hinsley, Cuban, and Luise for their use of excessive force on Plaintiff on June 19, 2021 and in October or November 2021 are not clearly frivolous and survive initial review.

To the extent Plaintiff's claims under the Eighth Amendment are based on Defendants putting semen in Plaintiff's food, however, this claim fails initial review. Plaintiff repeatedly alleges that "they" put "sperm" in his food, but he fails to allege which Defendant or Defendants were responsible for this conduct. As such, the Court will dismiss this claim without prejudice. Moreover, to the extent Plaintiff purports to assert an Eighth Amendment claim based on verbal harassment, this claim also fails and will be dismissed.

## D. Fourteenth Amendment

### 1. Due Process

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

Plaintiff here alleges that he was placed in four-point restraints under suicide watch and denied food for a period of eight hours after he attempted to kill himself. Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has failed to state a claim for violation

9

of his Fourteenth Amendment due process rights. Independent of the Eighth Amendment claims addressed above, placement of Plaintiff in four-point restraints and denial of food for eight hours, under the circumstances alleged, does not constitute a deprivation sufficient to support a Fourteenth Amendment violation. This claim will be dismissed.

To the extent Plaintiff contends that certain unidentified Defendants violated his rights under the Fourteenth Amendment by mishandling Plaintiff's PREA grievance, this claim fails. "The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). This claim will also be dismissed.

### 2. Equal Protection

To state an equal protection claim, Plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Plaintiff alleges that he was

10

repeatedly called a "n****r" and that the June 2021 beating was a "bias hate crime."

Giving Plaintiff the benefit of every reasonable inference, Plaintiff's allegations are sufficient to survive initial review on Plaintiff's equal protection claim against Defendants Goinss, Torrez, Hinsley, Cuban, and Luise in that they are not clearly frivolous. See Green v. Maroules, 211 Fed. App'x 159, 162 (4th Cir. 2006) (finding Plaintiff's allegations that she was racially profiled and, consequently, falsely arrested were sufficient to state an equal protection claim and reversing district court's dismissal on initial review). Plaintiff's purported separate "hate crime" claim will, however, be dismissed. There is no such independent civil cause of action. See Black v. McCormick, No. 3:19-cv-00581, 2019 WL 4744947, at *3 (S.D.W. Va. Sept. 6, 2019) (dismissing § 1983 prisoner plaintiff's "hate crime" claim on initial review and noting that the Hate Crimes Prevention Act of 2009, 42 U.S.C. § 249, is a criminal statute).

## IV. PLAINTIFF'S MOTION

Plaintiff also moves the Court for an extension of time "for exhasting Greviances and for asking The Judge, The Clerk of Court for Apointed Counsel." [Doc. 8]. Plaintiff states that he has exhausted the grievance process, but that the copies of his grievances were thrown away by prison

11

staff and he needs additional time to comply with the Clerk's Order requiring that Plaintiff demonstrate exhaustion of his administrative remedies. [Id.]. Plaintiff submitted his Prisoner Administrative Remedy Statement and attested under penalty of perjury that he exhausted his administrative remedies. [Doc. 7]. On this form, he also explained that prison staff threw away his grievance forms out of retaliation when he was transferred to Central Prison. [Id.]. The Court will deny Plaintiff's motion for an extension of time as moot. Plaintiff has sufficiently satisfied the Court's initial requirement that he demonstrate exhaustion. If Defendants want to challenge exhaustion during these proceedings, they may affirmatively demonstrate Plaintiff's failure to exhaust his administrative remedies through the usual means.

As for Plaintiff's motion for appointment of counsel, Plaintiff states he needs an attorney because he has no access to a law library and because he will need assistance with cross examination. [Doc. 8]. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's motion to appoint counsel, therefore, will be denied.

## V. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's First Amendment retaliation claim, Eighth Amendment excessive force claim, and Fourteenth Amendment equal protection claim. Plaintiff's remaining claims, including his official capacity claims, and Defendant Cook will be dismissed in accordance with the terms of this Order. Plaintiff's motion for an extension of time to comply with the exhaustion requirement and motion for appointment of counsel are denied in accordance with the terms of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's First Amendment retaliation, Eighth Amendment excessive force, and Fourteenth Amendment equal protection claims against Defendants Goinss, Torrez, Hinsley, Cuban, and Luise in their individual capacities, which are allowed to pass initial review.

**IT IS FURTHER ORDERED** that Plaintiff's official capacity claims against all Defendants are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Cook is hereby **DISMISSED** in this matter.

13

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 8] for an extension of time is **DENIED as moot** and for appointment of counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Goinss, Torrez, Hinsley, Cuban, and Luise, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED**.

Signed: June 24, 2022

Martin Reidinger
Chief United States District Judge