# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:22-cv-00057-MR

| | |
|---|---|
| ANTWAIN LAMAR DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU TORREZ, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion.

On August 26, 2022, the North Carolina Department of Public Safety (NCDPS) filed a document under seal indicating it was unable to procure a waiver of service for Defendant "FNU Luise" for the reasons stated in that document.[1] [Doc. 20]. The sealed document provides the last known address for Defendant Velasco. [See id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an

---

[1] This Defendant's true full name is Luis Velasco. [See Doc. 20]. Waivers of Service returned for Defendants Goinss, Hinsley, Torrez, and Cuban also provide these Defendants true full names. The Court will instruct the Clerk to update the docket accordingly.

incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waiver from Defendant Velasco was obtained. As such, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Velasco, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 20 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Velasco.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order and Docket No. 20 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Velasco in accordance with Rule 4.

The Clerk is respectfully instructed to update the docket in this matter to reflect the full name of Defendant FNU Luise as Luis Velasco, Defendant FNU Torrez as Lester Torres, Defendant FNU Goinss as Dustin Goins, Defendant FNU Hinsley as Christopher Hansley, and Defendant FNU Cuban as Giavanni Caban.

**IT IS SO ORDERED.**

Signed: August 30, 2022

_____
Martin Reidinger
Chief United States District Judge