# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:22-cv-00057-MR

| | |
|---|---|
| ANTWAIN LAMAR DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU TORRES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Amend Federal, 1983 Lawsuit," [Doc. 16]; Plaintiff's letter, [Doc. 14], which the Court construes as a motion for appointment of counsel; and Plaintiff's "Amend motion to preliminary injunction, order for transfer imediately on Defendants at Alexander CI," [Doc. 18], which the Court construes as a motion for preliminary injunction.

Plaintiff filed a Complaint on May 13, 2022, under 42 U.S.C. § 1983, against seven individual Defendants, all identified as prison officials at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's First Amendment retaliation, Eighth Amendment excessive force, and Fourteenth Amendment equal protection claims against Defendants Torres, Caban, Goins, Hansley, and Velasco survived initial review. [Doc.

9]. Defendant Cook was dismissed as a Defendant for Plaintiff's failure to make any allegations against him.[1] [Id. at 13]. Defendants have not yet answered Plaintiff's Complaint. [See Doc. 10].

Plaintiff now moves to amend his Complaint to state a claim against Defendant Cook. [Doc. 16]. Plaintiff makes allegations against Defendant Cook that would have supported Cook remaining a Defendant in this action had Plaintiff asserted them in his original Complaint. [See id.]. These include allegations of excessive force, putting "sperm" in Plaintiff's food, and retaliation. Plaintiff also asks the Court to order that Plaintiff be transferred to a New Jersey state prison through the Interstate Corrections Compact to be closer to his family. [Id. at 3].

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying reason.'" Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S.

---

[1] In preparing the initial review Order, the Court inadvertently omitted Defendant White when addressing the claims stated by Plaintiff. [See Doc. 9]. The Court should have found that Plaintiff's claims against Defendant White under the First, Eighth, and Fourteenth Amendments survived initial review consistent with Plaintiff's surviving claims against Defendants Goins, Torres, Hansley, Caban, and Velasco. The Court will order that these claims proceed and order service on Defendant White as it did with the other Defendants.

2

178, 182 (1962)). A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Id.

Although Plaintiff has now made allegations against Defendant Cook, Plaintiff has not attached a proposed amended complaint to his motion or maintained his previous claims against the other Defendants. To amend his Complaint, Plaintiff must make a motion and submit a proposed amended Complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue and states all relief he is seeking. Furthermore, if Plaintiff amends his Complaint, the original Complaint would be superseded, meaning that if an amended Complaint omits claims raised in the original Complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

The Court, therefore, will deny Plaintiff's motion to amend his Complaint without prejudice to allow Plaintiff to properly move to amend his Complaint, if he so chooses. The Court will also deny Plaintiff's request that the Court order his transfer to a New Jersey prison. This Court is without authority to order such transfer. Plaintiff must seek this relief through the North Carolina Department of Public Safety (NCDPS).

Also before the Court is Plaintiff's unsigned letter directed to the undersigned in which Plaintiff recounts his efforts to retain counsel and his lack of access to a law library. [Doc. 14]. To the extent Plaintiff seeks the Court to appoint counsel, the Court will deny this motion. A plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Plaintiff's motion to appoint counsel, therefore, will be denied. Moreover, Plaintiff's letter is improper in the first instance. It lacks a case number and a signature and is directed to the undersigned. Plaintiff is referred to the Order of Instructions [Doc. 3] and again to Rule 11 of the Federal Rules of Civil Procedure [see Doc. 13 at 2]. The Order of Instructions provides: (1) "All documents filed in this case must include the case number at the top of the first page; (2) "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court;" and (3) "Only documents properly filed with the Clerk of Court will be docketed in this case." [Doc. 3 at ¶¶ 4, 5]. The Court previously admonished Plaintiff that all documents he submits in this matter must be signed or they may be stricken from the record. [Doc. 13 at 2]. This remains true.

Finally, Plaintiff moves for preliminary injunctive relief. [Doc. 18]. Plaintiff alleges as follows:

> [Defendants] keep coming around me, harassing me, feeding me trays, drinks doing stuff to my food, oppressing me, being bias to me, discriminating me and treating me different than other inmates, threatening me, trying to intimidate me, I fear for my life I am in iminent danger, it going to cause me irrapaly harm if the keep harassing me, doing stuff to my food and drinks….

[Doc. 18 at 1 (errors uncorrected)]. The only specific allegation Plaintiff makes against any Defendant is that Defendant "Hansley came around [him] 8/18/2022 at morning medication call, He served me my food at around 11 a.m. and he wouldn't give me nothing to drinks, he wouldn't give me my tablet out of retaliation." [Id. at 2]. For relief, Plaintiff requests a "complet[e] investigation" of all Defendants and "if found guilty to be removed from the badge and line of duty." [Id.]. Plaintiff also again asks the Court to order that he be transferred to New Jersey state prison to be closer to home and his family or order that Plaintiff "go to the soar program at Hornett." [Id.].

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury

and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

The Court will deny Plaintiff's motion for preliminary injunction. Plaintiff has not shown he is entitled to injunctive relief. That is, Plaintiff has not shown a likelihood of success on the merits in his underlying complaint. Plaintiff has also failed to show that he will suffer irreparable harm in the absence of preliminary injunctive relief. While Plaintiff makes an unsupported claim that he will be irreparably harmed if the harassment continues, he fails to adequately describe the harassment or explain how he will be irreparably harmed. In large part, Plaintiff makes vague, general complaints of harassment and discrimination by Defendants. The only specific complaint by Plaintiff consists of a single instance of Defendant

Hansley failing to provide Plaintiff a drink and a "tablet" with his meal. The Court cannot order the extraordinary remedy of preliminary injunctive relief under these circumstances.

Moreover, the Court cannot order the relief Plaintiff requests in any event. The Court itself does not conduct investigations of Defendants, nor does it order that such investigations be undertaken. The Court will, however, send a copy of this Order to the Warden at Plaintiff's correctional facility to the extent the Warden wants to conduct his own investigation of the alleged behavior by Defendants or otherwise act in response thereto. Additionally, as noted above, the Court has no authority to order that Plaintiff be transferred to a New Jersey state prison. Again, Plaintiff recourse is with the NCDPS, not with this Court.

**Plaintiff is admonished that future failures to comply with the Order of Instructions in this case may result in his filings being stricken from the record in this matter and/or summarily denied. Plaintiff is again admonished that any unsigned documents he submits to this Court will be stricken from the record**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Amend [Doc. 16] is **DENIED** without prejudice in accordance with the terms of this Order

and Plaintiff's motion for transfer [Doc. 16], Plaintiff's motion for appointment of counsel [Doc. 14], and Plaintiff's motion for preliminary injunction [Doc. 18] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment retaliation, Eighth Amendment excessive force, and Fourteenth Amendment equal protection claims against Defendant Whatt White in his individual capacity survive initial review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant White, who is alleged to be a current or former employee of the NCDPS.

The Clerk is instructed to send a copy of this Order to the Warden of Alexander Correctional Institution at 633 Old Landfill Road, Taylorsville, North Carolina 28681.

**IT IS SO ORDERED**.

Signed: October 3, 2022

Martin Reidinger
Chief United States District Judge