UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00057-MR

| ANTWAIN LAMAR DENNIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| LESTER TORRES, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Entry of Default Judgment," [Doc. 45], and Plaintiff's Motion for Default Judgment, [Doc. 46].

Pro se Plaintiff Antwain Lamar Dennis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On May 13, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants Lester Torres, FNU Cook, Giavanni Caban, Christopher Hansley, and Luis Velasco, all identified as Correctional Officers at Alexander; and Defendants Whatt White and Dustin Goins, both identified as Sergeants at Alexander; all in their individual and official capacities. [Doc. 1 at 2-3; see Doc. 21 at 3]. Plaintiff's individual capacity First Amendment retaliation, Eighth Amendment

excessive force, and Fourteenth Amendment equal protection claims against Defendants Goins, Torres, Hansley, Caban, White, and Velasco survived initial review. [Doc. 9 at 13; Doc. 25 at n.1, 8]. Defendant Cook and Plaintiff's official capacity claims were dismissed. [Doc. 9 at 3]. Defendants Goins, Torres, Hansley, and Caban executed waivers of service, [Docs. 19], and moved to dismiss Plaintiff's Complaint, [Doc. 30]. On January 9, 2023, the Court denied these Defendants' motion to dismiss and gave them 21 days to answer Plaintiffs Complaint. [Doc. 40 at 11]. In the meantime, due to the Court's inadvertent omission of Defendant White from its initial review Order, Defendant White executed a waiver of service after these other Defendants. [Doc. 39; see Doc. 9, 25]. On January 30, 2023, Defendants Torres, Caban, Goins, Hansley, and White timely answered Plaintiff's Complaint. [Doc. 48]. Despite numerous Orders by the Court and attempts by the U.S. Marshals Service, Defendant Velasco remains unserved. [See Docs. 21-24, 34, 36, 41, 43].

Plaintiff now moves for entry of default and default judgment against all Defendants. [Docs. 45, 46]. It appears that Plaintiff contends that the Court should enter default and default judgment against Defendants Torres, Caban, Goins, and Hansley for their "failure to respond to [Plaintiff's] motion" and "failure to file within the required time to a complaint" and against

2

Case 5:22-cv-00057-MR    Document 51    Filed 02/08/23    Page 2 of 3

excessive force, and Fourteenth Amendment equal protection claims against Defendants Goins, Torres, Hansley, Caban, White, and Velasco survived initial review. [Doc. 9 at 13; Doc. 25 at n.1, 8]. Defendant Cook and Plaintiff's official capacity claims were dismissed. [Doc. 9 at 3]. Defendants Goins, Torres, Hansley, and Caban executed waivers of service, [Docs. 19], and moved to dismiss Plaintiff's Complaint, [Doc. 30]. On January 9, 2023, the Court denied these Defendants' motion to dismiss and gave them 21 days to answer Plaintiffs Complaint. [Doc. 40 at 11]. In the meantime, due to the Court's inadvertent omission of Defendant White from its initial review Order, Defendant White executed a waiver of service after these other Defendants. [Doc. 39; see Doc. 9, 25]. On January 30, 2023, Defendants Torres, Caban, Goins, Hansley, and White timely answered Plaintiff's Complaint. [Doc. 48]. Despite numerous Orders by the Court and attempts by the U.S. Marshals Service, Defendant Velasco remains unserved. [See Docs. 21-24, 34, 36, 41, 43].

Plaintiff now moves for entry of default and default judgment against all Defendants. [Docs. 45, 46]. It appears that Plaintiff contends that the Court should enter default and default judgment against Defendants Torres, Caban, Goins, and Hansley for their "failure to respond to [Plaintiff's] motion" and "failure to file within the required time to a complaint" and against

Defendants White and Velasco for their failure to respond to or answer Plaintiff's Complaint. [See Doc. 45 at 1; Doc. 46 at 1]. The Court will deny Plaintiff's motions. There is no cause to enter default or default judgment in this case. Defendants Torres, Caban, Goins, Hansley, and White timely answered Plaintiff's Complaint. Defendant Velasco has not been served with Plaintiff's Complaint in the first instance. Thus, his deadline to respond has not been set.

Plaintiff is strongly encouraged to review the Federal Rules of Civil Procedure before filing further motions with this Court. Rule 55 clearly sets out the circumstances under which default may be entered and default judgment granted.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 45, 46] are **DENIED**.

**IT IS SO ORDERED**.

Signed: February 8, 2023

Martin Reidinger
Chief United States District Judge