UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00057-MR

| | |
|---|---|
| ANTWAIN LAMAR DENNIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LESTER TORRES, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for An order compelling Discovery" [Doc. 70] and "Motion for Extension of time of Scheduling order Deadlines, for Deadlines Production of Documents, for Discovery" [Doc. 72].

Pro se Plaintiff Antwain Lamar Dennis ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina. On May 13, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants Lester Torres, FNU Cook, Giavanni Caban, Christopher Hansley, and Luis Velasco, all identified as Correctional Officers at Alexander Correctional Institution ("Alexander"); and Defendants Whatt White and Dustin Goins, both identified as Sergeants at Alexander; all in their individual and official capacities. [Doc. 1 at 2-3; see

Doc. 21 at 3]. Plaintiff's individual capacity First Amendment retaliation, Eighth Amendment excessive force, and Fourteenth Amendment equal protection claims against Defendants Goins, Torres, Hansley, Caban, White, and Velasco survived initial review. [Doc. 9 at 13; Doc. 25 at n.1, 8]. Defendant Cook and Plaintiff's official capacity claims were dismissed. [Doc. 9 at 3]. On March 13, 2023, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), which required that discovery be completed by July 7, 2023. [Doc. 55]. This deadline was never extended and expired on July 7. The dispositive motions deadline has twice been extended and now expires on October 10, 2023. [8/10/2023 & 9/8/2023 Text Orders].

On September 7, 2023, Defendants moved the Court to order that Defendants did not have to respond to Plaintiff's untimely discovery request. [Doc. 66]. As grounds, Defendants stated as follows. On June 30, 2023, Plaintiff served his first set of discovery requests on Defendants via U.S. mail, only seven (7) days before the expiration of the discovery deadline. Despite the untimeliness of this request, Defendants timely responded to Plaintiff's first discovery requests. [Id. at 2]. Then, on or about August 14, 2023, defense counsel received Plaintiff's unsigned second Request for Productions of Documents, which was dated August 10, 2023, via U.S. mail. [Id.; see Doc. 67-1]. On September 18, 2023, the Court granted Defendants'

2

Case 5:22-cv-00057-MR   Document 73   Filed 09/29/23   Page 2 of 5

motion, noting that the discovery deadline in this case expired on July 7, 2023, and Plaintiff sought no extension of this deadline. [Doc. 69 at 2-3]. The Court also noted that:

> In the PTOCMP, the Court ordered that, "[t]he parties are directed to initiate discovery requests … sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses … after the discovery completion deadline are not enforceable except by order of the Court for good cause shown." [Doc. 55 at 5]. The Federal Rules of Civil Procedure allow a party 30 days to respond to requests for production of documents. Fed. R. Civ. P. 34. As such, Plaintiff's discovery request was untimely in every regard.

[Id. at 3].

On September 20, 2023, presumably not having yet received the Court's Order, Plaintiff prepared the instant motion to compel, which was filed on September 25, 2023. [See Doc. 70 at 4; Doc. 70-1]. As grounds, Plaintiff states that he submitted a request for production of documents on Defendants "on date 8/8/2023 or own about 8/10/2023 … but have not yet received the answers for production of documents." [Doc. 70 at 3 (errors uncorrected)]. Plaintiff provides a list of all the documents and things he contends were not produced and contends that Defendants "did not produce

3

all full, complete … documents … for [Plaintiff's] discovery facts."[1] [Id. at 2-4]. It appears from this motion that Plaintiff may have mistakenly believed that the discovery deadline in this matter was extended to October 10, 2023. [See id. at 1, 3]. Plaintiff also seeks $500,000.00 from Defendants "as reasonable expenses in obtaining this order." [Id. at 4]. Two days later, Plaintiff filed the pending motion for extension of time seeking an extension "so [he] can get production of documents from Defendants asking the Judge the order the defendants to answer [his] production of documents." [Doc. 72 (errors uncorrected)].

The Court will deny Plaintiff's motions to compel and for an extension of time. The Court already ordered that Defendants did not have to respond to Plaintiff's untimely request for production of documents, which appears to be the same request Plaintiff complains of here. Until now, Plaintiff failed to seek an extension of the long-expired discovery deadline and, even if the Court were to consider Plaintiff's improper letter as stating sufficient grounds to sua sponte extend the deadline, Plaintiff has failed to include a copy of the disputed discovery request or certify that he has in good faith attempted to

---

[1] In an improper letter directed to the undersigned that was submitted with Plaintiff's motion and began, "Dear yohonor," Plaintiff explains that he was transferred to Houston, Texas, for an evaluation "from about May, June" and he "did not have much time to get [his discovery] done." [Doc. 70-1]. Plaintiff states that he was unable to take legal mail or write letters because he was indigent and "not [there] long enough to receive indigenget [sic] stamps." [Id.].

confer with Defendants pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure before filing this motion. [See Doc. 70].

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 70, 72] are **DENIED**.

**IT IS SO ORDERED**.

Signed: September 29, 2023

Martin Reidinger
Chief United States District Judge